NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-4512

GLORIA KIJEK,
                    Appellant
v.

JUDY A. GOBER; ANTHONY PERZIA;
MARY ELLEN SCHELL; WILLIAM TURCAN; LUZERNE BOROUGH

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-11-cv-01642)
District Judge: Honorable Malachy E. Mannion

Submitted pursuant to Third Circuit LAR 34.1(a)
October 27, 2014

Before: McKEE, *Chief Judge*, GREENAWAY, JR., and
KRAUSE, *Circuit Judges*

(Opinion filed: February 11, 2015)

OPINION[*]

McKEE, *Chief Judge*.

    Gloria Kijek has filed an appeal from the district court's grant of summary

judgment to Luzerne Borough and Borough Council members Judy A. Gober, Anthony

Perzia, Mary Ellen Schell, and William Turcan, on the claim she brought pursuant to 42

U.S.C. § 1983, alleging that the Borough and the Council members terminated her

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

employment with the Borough in retaliation for her exercise of her First Amendment rights. For the reasons that follow, we will affirm.

## I.

The district court granted summary judgment to the Borough and the named Council members because it found that they were entitled to absolute legislative immunity from Kijek's First Amendment retaliation claim. *Kijek v. Gorber*, 2013 WL 5969923 (M.D. Pa. Nov. 8, 2013). In its opinion, the district court carefully and fully explained that Kijek was terminated because of budgetary reasons and not for her claimed exercise of her First Amendment rights. Accordingly, the district court found that the Council members were entitled to absolute legislative immunity from Kijek's First Amendment retaliation claims. *Id*. at *3-4. We can add little to the district court's analysis and discussion on this issue. Therefore, we will affirm the grant of summary judgment to the Borough Council members substantially for the reasons set forth in the district court's opinion.

As noted, the district court also granted summary judgment to the Borough based upon its conclusion that, because the individual Council members are immune from suit, the Borough cannot be liable. *Id*. at *4. However, legislative immunity is generally not applicable to a municipality. *See Carver v. Foerster*, 102 F.3d 96, 101 (3d Cir. 1996). Nonetheless, we can affirm on an alternative basis supported by the record. *See Erie Telecommunications, Inc. v. City of Erie, Pennsylvania*, 853 F.2d 1084, 1089 n. 10 (3d Cir. 1988). It is clear, based on the record, that the Borough terminated Kijek for the same reasons that the Council members did, i.e., because of budgetary reasons. There is

2

no evidence on this record that the Borough's actions were in retaliation for Kijek's protected First Amendment activity. Accordingly, we will affirm the district court's grant of summary judgment to the Borough on this alternate ground.